IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JUAN SAN MIGUEL, JR., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Juan San Miguel, Jr. (referred to as "Plaintiff" or "San Miguel") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Beaumont Independent School District (referred to as "Defendant" or "BISD"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. San Miguel's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. BISD violated the FLSA by employing San Miguel and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. BISD violated the FLSA by failing to maintain accurate time and pay records for San Miguel and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. San Miguel brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Beaumont Division of the Eastern District of Texas.

### III. Parties

8. San Miguel is an individual who resides in Jefferson County, Texas and who was employed by BISD during the last three years.

9. BISD is a political subdivision of the State of Texas that may be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.024 by serving the president of the school board or the superintendent.

10. Whenever it is alleged that BISD committed any act or omission, it is meant that the BISD's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of BISD or was done in the routine and normal course and scope of employment of BISD's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. BISD is an independent school district located in the territorial jurisdiction of this Court.

12. BISD employed San Miguel as a peace officer from November 2008 through the present.

13. During San Miguel's employment with BISD, he was covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2)(C), (x).

14. BISD paid San Miguel on an hourly basis. In addition to his base hourly rate, San Miguel received additional remuneration for seniority, longevity, training, professional certifications and education.

15. During San Miguel's employment with BISD, he regularly worked in excess of forty hours per week.

16. BISD knew or reasonably should have known that San Miguel worked in excess of forty hours per week.

17. BISD did not pay San Miguel overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1)

18. Instead, BISD paid San Miguel overtime at one and one-half times his base hourly rate, which did not include the additional remuneration that San Miguel received for seniority, longevity, training, professional certifications and education. 29 C.F.R. §§ 778.107-778.110, 778.211.

19. BISD knew or reasonably should have known that San Miguel was not exempt from the overtime provisions of the FLSA.

20. BISD failed to maintain accurate time and pay records for San Miguel and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21. BISD knew or showed a reckless disregard for whether its pay practices violated the FLSA.

22. BISD is liable to San Miguel for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

23. All peace officers employed by BISD are similarly situated to San Miguel because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as

required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from BISD pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

24. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

25. During San Miguel's employment with BISD, he was a nonexempt employee.

26. As a nonexempt employee, BISD was legally obligated to pay San Miguel "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

27. BISD did not pay San Miguel overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

28. Instead, BISD paid San Miguel overtime at one and one-half times his base hourly rate, which did not include the additional remuneration that San Miguel received for seniority, longevity, training, professional certifications and education. 29 C.F.R. §§ 778.107-778.110, 778.211.

29. BISD's failure to consider the additional remuneration paid to San Miguel for seniority, longevity, training, professional certifications and education when calculating his regular and overtime rates resulted in an artificially low overtime rate.

30. If BISD classified San Miguel as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the school district's noncompliance with the overtime requirements of the FLSA.

31. BISD knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, BISD willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

32. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, BISD also failed to keep proper time records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

35. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. On information and belief, other employees have been victimized by BISD's violations of the FLSA identified above.

37. These employees are similarly situated to San Miguel because, during the relevant time period, they held similar positions, were compensated in a similar manner

and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

38. BISD's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

39. Since, on information and belief, San Miguel's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

40. All employees of BISD, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All peace officers employed by BISD during the last three years.

41. BISD is liable to San Miguel and other peace officers for the difference between what it actually paid them and what it was legally obligated to pay them.

42. Because BISD knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the school district owes San Miguel and the other peace officers their unpaid overtime wages for at least the last three years.

43. BISD is liable to San Miguel and the other peace officers in an amount equal to their unpaid overtime wages as liquidated damages.

44. BISD is liable to San Miguel and the other peace officers for their reasonable attorneys' fees and costs.

45. San Miguel has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

46. San Miguel demands a trial by jury.

## IX. Prayer

47. San Miguel prays for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. Judgment awarding San Miguel and other peace officers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Postjudgment interest at the applicable rate;

   e. Incentive awards for any class representative(s);

   f. All such other and further relief to which San Miguel and the other peace officers may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Curt Hesse
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**